[Civ. No. 48585. Second Dist., Div. Two. Dec. 16, 1976.]

DIVISION OF LABOR LAW ENFORCEMENT,
Plaintiff and Appellant, v.
GERALD SAMPSON, Defendant and Respondent.

894

**COUNSEL**

Marilyn Lazar, Lelia H. Jabin, John H. Stewart and Irene G. Rosenthal for Plaintiff and Appellant.

Jackson & Goodstein and Dennis R. Murphy for Defendant and Respondent.

## OPINION

COMPTON, J.—The Division of Labor Law Enforcement of the California Department of Industrial Relations (hereafter the Division) instituted an action against Gerald Sampson seeking reinstatement and back wages for Michael J. Lindell a former employee of Sampson. The trial court granted a summary judgment in favor of Sampson. The Division appeals.

The Division's complaint was grounded on Labor Code section 6310 and alleged that Lindell had been terminated from his employment by Sampson for the reason that he, Lindell, had filed a complaint with the Division alleging that Sampson was guilty of maintaining unsafe working conditions.

Labor Code section 6310 is a part of the California Occupational Safety and Health Act of 1973 (the Act). It provides in pertinent part:

"(a) No person shall discharge or in any manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or relating to his rights . . . .

"(b) Any employee who is discharged, threatened with discharge, demoted, suspended, or in any other manner discriminated against in terms and conditions of such employment by his employer because such employee has made a bona fide complaint to the division of unsafe working conditions, or work practices, in his employment or place of employment shall be entitled to reinstatement and reimbursement for lost wages and work benefits caused by such acts of the employer."

The ruling on the motion for summary judgment was based upon the pleadings, the deposition of Lindell and declarations by Sampson and Lindell. These documents established conclusively that Lindell was discharged prior to his filing of the complaint with the Division.

Lindell, a tool maker, was employed in March 1975 by Sampson who was doing business as Allen United. Sampson, who became dissatisfied with Lindell's work product and conduct as an employee, informed Lindell on Wednesday, June 25, 1975, that the end of the pay period for that week, Thursday, June 26, 1975, would be Lindell's last day of work.

On June 26, 1975, Lindell appeared at Allen United at approximately noon, left the plant and did not return until late in the afternoon when he picked up his final pay check.

During the noon hour Lindell filed a complaint with the Division alleging certain unsafe working conditions at Allen United. Lindell admitted that he filed his complaint after having been informed of his discharge. On or about July 3, 1975, Lindell filed a complaint with the Division alleging that he was discriminatorily discharged in violation of section 6310 of the Labor Code. This action followed.

California Code of Civil Procedure section 437c provides in pertinent part: "[A motion for summary judgment] shall be granted if all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. In determining whether . . . there is no triable issue as to any material fact the court shall consider . . . all inferences reasonably deducible from [the] evidence, except summary judgment shall not be granted by the court based on inferences reasonably deducible from such evidence, if contradicted by other inferences or evidence, which raise a triable issue as to any material fact."

According to the Division a triable issue of fact exists in that it may be inferred from the evidence that Lindell was discharged for the reason that, as he alleged in his declaration, he made informal safety complaints directly to Sampson prior to June 26, 1975. We disagree.

The Division's complaint alleges specifically that Lindell's right to reinstatement and back wages is based on the provisions of section 6310, subdivision (b), which make that remedy available to an employee discharged for making "a bona fide *complaint to the Division.*" (Italics added.) The evidence presented to the trial court conclusively demonstrated that that did not happen.

The theory which Division now advances is that the remedy of reinstatement and recovery of back wages is available not only to an employee discharged for the reasons set forth in section 6310, subdivision (b), but also to an employee described in section 6310, subdivision (a), i.e., any employee who is discharged because he "filed any complaint . . . relating to his rights." The contention is that that phrase includes informal complaints directly to the employer. Again we disagree. The

phrase "relating to his rights" clearly refers to "rights" under the Act. That Act throughout uses the word "complaint" in referring to complaints made to the Division.

For example, section 6309 of the Labor Code[1] refers to the Division's power to investigate safety conditions in employment "of its own motion, or upon complaint." That section further specifies in detail the method to be employed by the Division in handling "complaints" from employees. Since section 6310 follows section 6309 immediately and provides for protection of employees who file "complaints" it is clear that the use of the word "any complaint" in section 6310 refers to complaints to the Division. This interpretation is strengthened by the fact that in section 6310, subdivision (a), the words "filed any complaint" is coupled with "or instituted or caused to be instituted any proceedings." The entire clause obviously referring to proceedings by the Division.

Finally the word "filed" connotes the lodging of a complaint with an individual or entity designated to receive it and act upon it. (Black's Law

---

[1]Labor Code section 6309 provides:

"Whenever the division learns or has reason to believe that any employment or place of employment is not safe or is injurious to the welfare of any employee, it may, of its own motion, or upon *complaint,* summarily investigate the same, with or without notice or hearings. However, when the division secures a *complaint* from an employee, the employee's representative, or an employer of an employee directly involved in an unsafe place of employment, that his employment or place of employment is not safe, it shall summarily investigate the same as soon as possible, but not later than three working days after receipt of such *complaint,* with or without notice or hearing. *Complaints* of serious hazards and conditions posing imminent danger to life and safety of employees will take priority over other complaints placed earlier in time, but otherwise the time limitations herein are applicable. The division may enter and serve any necessary order relative thereto. The division is not required to respond to any *complaint* within such period where, from the facts stated in the *complaint,* it determines that the *complaint* is intended to willfully harass an employer or is without any reasonable basis.

"The division shall keep complete and accurate records of any such *complaints,* whether verbal or written, and shall inform the complainant, whenever his identify is known, of any action taken by the division in regard to the subject matter of the *complaint,* and the reasons for such action. The division shall, pursuant to authorized regulations, conduct an informal review of any refusal by a representative of the division to issue a citation with respect to any such alleged violation. The division shall furnish the employee or the representative of employees requesting such review a written statement of the reasons for the division's final disposition of the case.

"The name of any person who submits to the division a *complaint* regarding the unsafeness of an employment or place of employment shall be kept confidential by the division unless that person requests otherwise.

"The requirements of this section shall not relieve the division of its requirement to inspect and assure that all places of employment are safe and healthful for employees. The division shall maintain the capability to receive and act upon *complaints* at all times." (Italics added.)

Dict. (4th ed. 1951); 16A Words and Phrases (1959) pp. 110, 115.) We conclude that the phrase "filed any complaint" as used in section 6310, subdivision (a), is no broader than the phrase "complaint to the division" as used in section 6310, subdivision (b), and does not include informal complaints directly to the employer.

This conclusion is further borne out by the fact that the only reference in the Act to communication between the employee and employer is specifically spelled out in Labor Code section 6311 which authorizes an employee to refuse to work without risking discharge or layoff where health or safety standards would be violated. In such case an employee so discharged can also obtain reinstatement and back pay provided he "notifies his employer of his intention to make such a claim within 10 days after being laid off or discharged." This section provides the method by which an employee can directly seek remedial action by the employer without fear of retaliation.

In summary the evidence before the trial court established that Sampson did not violate Labor Code section 6310. Hence, Lindell was not entitled to reinstatement or back wages. There was no triable issue of fact. The motion for summary judgment was properly granted.

The judgment is affirmed.

Roth, P. J., and Fleming, J., concurred.

A petition for a rehearing was denied January 7, 1977, and appellant's petition for a hearing by the Supreme Court was denied February 23, 1977. Mosk, J., was of the opinion that the petition should be granted.